**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4271**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

REGINALD ARNOLD WADDELL, a/k/a Chippy,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:09-cr-00435-LO-1)

Submitted: January 24, 2011      Decided: February 24, 2011

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chong C. Park, CLARK & ALLEN, PC, Leesburg, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Manasi Venkatesh, Special Assistant United States Attorney, Michael E. Rich, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Waddell appeals his conviction of Hobbs Act conspiracy to commit robbery, in violation of 18 U.S.C. § 1951 (2006); Hobbs Act armed robbery, in violation of 18 U.S.C. § 1951; using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Waddell petitioned for an initial en banc hearing in order that we may overrule our past precedent and conclude that "the existing application of the 'minimal effect' standard" of determining an interstate commerce nexus in Hobbs Act cases violates the Commerce Clause. If we do so, Waddell contends that we should reverse his convictions of Hobbs Act robbery and conspiracy, because the evidence was insufficient to demonstrate that the robbery affected interstate commerce.

Pursuant to Fed. R. App. P. 35, a majority of active circuit judges may order an appeal to be heard en banc. En banc consideration of appeals is disfavored, and therefore generally will not be ordered unless "(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." In his petition, Waddell argues that his appeal "involves a question of exceptional importance

2

because prior decisions of the Fourth Circuit applying the de minimis standard on this issue effectively grant[] the federal government jurisdiction to prosecute virtually all local robberies of retail and restaurant establishments traditionally enforced by [s]tate authorities." Waddell asserts that "[s]uch a broad application is not what was intended by the enactment of the Hobbs Act or the Commerce Clause." Waddell insists that this court should reconsider its precedent in light of United States v. Lopez, 514 U.S. 549 (1995).

As Waddell acknowledges, we have long held that application of the Hobbs Act requires only a minimal effect on interstate commerce. See United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003) ("Congress exercised the full extent of authority in the Hobbs Act, which 'speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery, or physical violence. The Act outlaws such interference in any way or degree.'")(quoting Stirone v. United States, 361 U.S. 212, 215 (1960)); United States v. Spagnolo, 546 F.2d 1117, 1119 (4th Cir. 1976) ("[A]ll that is required to bring an extortion within the statute is proof of a reasonably probable effect on commerce, however[] minimal, as a result of the extortion.").

We also distinguished the Supreme Court's decisions in Lopez and United States v. Morrison, 529 U.S. 598 (2000), from the Hobbs Act robbery at issue in Williams. Williams, 342 F.3d at 354. Unlike the firearms statute at issue in Lopez, "the Hobbs Act contains a jurisdictional requirement that the particular offense be connected to interstate commerce." Id. (internal quotation marks and citation omitted). Likewise, unlike the civil remedy provisions of the Violence Against Women Act struck down in Morrison, the subject matter regulated by the Hobbs Act "impacts a trade that plainly is both economic and interstate in character." Id. Accordingly, we determined that the Hobbs Act was unaffected by Lopez, and remained a proper exercise of Federal power under the commerce clause. Id.

Though Waddell disagrees with these conclusions, he fails to cite any decisions lending credence to his belief that Williams should be overruled. Moreover, every one of our sister circuits has found, after Lopez, that a Hobbs Act conviction may be sustained even if the crime in question has only a small effect on interstate commerce. Waddell fails to offer any compelling reason to overrule existing precedent and place ourselves at odds with every other circuit. As no judge of this court has called for a vote on whether an en banc hearing should be permitted, we deny Waddell's motion for initial en banc consideration of his appeal. See Fed. R. App. P. 35(f).

4

Waddell concedes in his brief that, under Williams, the evidence is sufficient to support his convictions of Hobbs Act robbery and conspiracy. We agree. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the material before the court and argument would not aid the decisional process.

AFFIRMED